UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARRY R. DRAGGOO,<br><br>              Petitioner,<br><br>     v.<br><br>MICHAEL OBENLAND,<br><br>              Respondent. | No. C13-5054 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  August 2, 2013** |

Petitioner Barry R. Draggoo seeks 28 U.S.C. § 2254 habeas corpus relief from his 2009 conviction by jury verdict for three counts of first degree child molestation.  ECF No. 1.  He raises two grounds for federal habeas relief, with the second claim containing two distinct subparts. *Id.*, at 15-18.  Respondent filed an answer and submitted the relevant state court record.  ECF Nos. 10 and 11, respectively.  Respondent argues that Claim 1 is procedurally barred by the state's inadequate briefing rule and Part 1 of Claim 2 was not properly exhausted and is now procedurally barred.  ECF No. 10, p. 2, pp. 4, 8-18.  Respondent argues that Part 2 of Claim 2, although properly exhausted, should be denied on the merits.  Petitioner did not file a reply.  Having carefully considered the parties' filings and relevant record, the undersigned recommends that the petition be denied and this action dismissed with prejudice.

**BACKGROUND**

**A.     Factual Background**

The Washington Court of Appeals summarized the facts underlying Mr. Draggoo's conviction as follows:

REPORT AND RECOMMENDATION - 1

The State charged Barry Draggoo with two counts of first degree child molestation involving N.J.D. and one count involving R.S. At trial, witnesses testified to the following facts. Draggoo lived in an apartment with his wife, Kristi, step-daughter Danielle, and his two children. Draggoo's children befriended two children who lived next door, N.J.D., who was two years older than Danielle, and A.D.

While in Lewis County jail on a previous conviction, Draggoo told his cellmate, John Huggins, that in 2004 he had twice "raped" a neighbor girl who was a friend of and two years older than his step-daughter Danielle. Huggins revealed Draggoo's admission in a written statement he gave to Lewis County Detective Tom Callas. Detective Callas interviewed Huggins, which was tape recorded and later transcribed. Based on the Huggins statement and interview, Detective Callas contacted Kristi Draggoo, who gave him the names of "young girls in the neighborhood that were friends with her daughter Danielle that were slightly older." 3 Verbatim Report of Proceedings (VRP) (Feb. 6, 2009) at 297. This information led him to interview N.J.D. and R.S. Prior to this point, N.J.D. and R.S. had made no disclosures to anyone about the sexual assaults.

Although N.J.D. remembered only three particular sexual assaults, she estimated that Draggoo had touched her in a similar way about 20 times. She described an incident at Draggoo's home when he locked the door, forcefully sat her on the kitchen counter, pinched her nipples until it hurt, and rubbed her vagina over her clothing. N.J.D. tried to push him off, but he was too big. The next incident occurred at a swimming pool. N.J.D. said Draggoo was in the pool, throwing the girls up in the air. When N.J.D. took her turn, Draggoo "touched me by grabbing my thighs and then like his finger, his thumb, like it was going in my vagina because I could feel it and it used to hurt." 2 VRP (Feb. 5, 2009) at 185. "[A]nd then he would go around me and touch my butt." 2 VRP (Feb. 5, 2009) at 189. And the third incident she described happened at Draggoo's home when the girls were playing "dress-up." While alone with N.J.D., Draggoo touched her breasts over her clothes, "[r]ubbing them and pinching them." 2 VRP (Feb. 5, 2009) at 187. As to R.S., a friend of Draggoo's children, she testified that Draggoo rubbed her breasts under her shirt while giving her a backrub.

During trial, juror 10 notified the bailiff that she knew N.J.D.'s mother and younger sister. The court immediately questioned the juror outside the presence of the other jurors about her contact with the mother and sister. After the prosecutor declined to question the juror, defense counsel briefly questioned the juror. The court asked the prosecutor and defense counsel if they had any objection to juror 10 "continuing on as a juror in this case." 2 VRP (Feb. 5, 2009) at 135. They both responded, "No."

REPORT AND RECOMMENDATION - 2

The jury convicted Draggoo as charged and returned a special verdict, finding that he used "his position of trust or confidence to facilitate the commission" of the crimes. Clerk's Papers at 56.

ECF No. 11, Exhibit 3, Unpublished Opinion, at 1-3; *State v. Draggoo*, 156 Wn. App. 1019 (2010).

**B.     State Procedural History**.

Through counsel, Mr. Draggoo appealed to the Washington Court of Appeals. ECF No. 11, Exhibit 5. The court denied his appeal in an unpublished opinion. *Id.*, Exhibit 3. Mr. Draggoo did not seek review in the Washington Supreme Court. The Washington Court of Appeals issued its mandate on July 2, 2010. *Id.*, Exhibit 7.

Pro se, Mr. Draggoo filed a personal restraint petition in the Washington Court of Appeals. ECF No. 11, Exhibit 8. The court dismissed the petition. *Id.*, Exhibit 11. Mr. Draggoo moved for discretionary review. *Id.*, Exhibit 12. The Washington Supreme Court denied review in a ruling by the commissioner. *Id.*, Exhibit 4. Mr. Draggoo moved to modify the ruling. *Id.*, Exhibit 13. That motion was denied without comment on January 8, 2013. *Id.*, Exhibit 14. The Washington Court of Appeals issued its certificate of finality on February 28, 2013. *Id.*, Exhibit 15.

**FEDERAL HABEAS CORPUS GROUNDS**

1.      Ineffective assistance of counsel. Counsel failed to call any witnesses on Draggoo's behalf, failed to hire any experts in sexual abuse cases, and failed to present evidence that the state's star witness, John Huggins, was compensated for his testimony.

2(a).   Jury instruction error. The jury was incorrectly instructed that they had to be unanimous to answer yes or no to the special verdict forms.

2(b).   Ineffective assistance of trial counsel and appellate counsel. Trial counsel failed to object to instructions 14 and 15 and the special verdict forms, and

REPORT AND RECOMMENDATION - 3

appellate counsel did not argue on direct appeal that the special verdicts should be set aside.

ECF No. 1, pp. 15-18.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465,127 S.Ct. 1933, 1939-41 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 127 S. Ct. at 1940. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, ---U.S.---, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 127 S.Ct. at 1940. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011).

The Court finds it unnecessary to hold an evidentiary hearing because Mr. Draggoo's claims may be resolved on the existing state court record.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (emphasis added).

REPORT AND RECOMMENDATION - 4

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). In addition, review of state court decisions under § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).

**DISCUSSION**

**A.     Exhaustion of State Remedies – Procedural Default**

    **1.     Claim 1 – Ineffective Assistance of Counsel**

Respondent argues that Claim 1 of Mr. Draggoo's petition is procedurally barred because the state courts used an independent and adequate state law basis to decline to review the merits of the claim. ECF No. 10, p. 8 (*citing* ECF No. 11, Exhibits 4 and 11). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or the petitioner can demonstrate that failure to consider the claims will

REPORT AND RECOMMENDATION - 5

result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *accord Cone v. Bell*, 556 U.S. 449, 465 (2009).

To determine whether a procedural default bars federal review, the federal court will look to the last reasoned state-court opinion on the claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-04 (1991). The federal habeas court must honor the state's procedural bar ruling even if the state court also reaches the merits of the federal claim in an alternative holding. *Harris v. Reed*, 489 U.S. 255, 264, n.10 (1989). A petitioner's claim may also be procedurally barred, despite the absence of a "plain statement" by the state court, if the petitioner failed to present his claim to the state's highest court and that court would now conclude that it is procedurally barred. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U. S. at 735 n.1.

The state court record reflects that Mr. Draggoo never properly presented the ineffective assistance of counsel issue set forth in Claim 1 to the Washington Court of Appeals and the Washington Supreme Court. Although he raised the claim in his personal restraint petition briefing in both courts (*see* ECF No. 11, Exhibits 8 and 12), he failed to follow state court procedural rules and therefore both courts declined to review the merits of the claim. ECF No. 11, Exhibits 11 and 14. Despite the fact that Mr. Draggoo cited federal law in his state court briefing with regard to Claim 1, the claim is still procedurally defaulted. In its order dismissing Mr. Draggoo's personal restraint petition, the Washington Court of Appeals explained that because the claim was based on matters outside the record, Mr. Draggoo was required to present affidavits from experts or witnesses explaining what testimony they would have given, but he failed to do so. Therefore, the court declined to review the merits of his claim:

> When considering a personal restraint petition, this court must determine whether the petitioner made a prima facie showing of actual prejudice stemming from a constitutional error. *In re Pers, Restraint Petition of Hews*, 99 Wn.2d 80,

REPORT AND RECOMMENDATION - 6

93, 660 P.2d 263 (1983). "[T]o receive collateral review of a conviction on nonconstitutional grounds, a petitioner must establish that the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *In re Personal Restraint Petition of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990).

> When a petitioner files a personal restraint petition collaterally attacking his prior convictions as unconstitutional, more is required than that the petitioner merely claim in broad general terms that the prior convictions were unconstitutional. The facts on which the petitioner's claim of unlawful restraint is based and the evidence reasonably available to support the factual allegations must be stated.

*In re Personal Restraint Petition of Williams*, 111 Wn.2d 353, 364, 759 P.2d 436 (1988). Failure to meet this threshold burden will result in the dismissal of the claim without this court reaching its merits. *Cook*, 114 Wn.2d at 814.

> Petitioner's first claim fails for any evidentiary support. He merely argues in broad general terms that had counsel presented expert witnesses and further investigated the case, the jury would have reached a different verdict. He presents no affidavits from experts or witnesses explaining what testimony they could have provided. As explained in *In re Personal Restraint Petition of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992), if petitioner's allegations are based on matters outside the record and on knowledge possessed by others, he must present affidavits from those persons stating what they would give as competent testimony. Petitioner has not met this burden.

ECF No. 11, Exhibit 11, at 2.

Similarly, the Washington Supreme Court declined to review the merits of the claim because Mr. Draggoo failed to support his claim with competent evidence:

> And his other claims of ineffective assistance are speculative and unsupported by competent evidence. *See In re Personal Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992) (bald assertions and conclusory allegations without evidentiary support do not merit reference hearing).

ECF No. 11, Exhibit 4, at 2.

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977). If the state

REPORT AND RECOMMENDATION - 7

court judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a federal habeas corpus proceeding. *Harris v. Reed*, 489 U.S. at 263; *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); *Shumway v. Payne*, 223 F.3d 982 (9th Cir. 2000).

For a state procedural rule to be "independent" to bar federal habeas review, the state ground for a decision must not be interwoven with the federal constitutional merits of the petitioner's claim. "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (*quoting Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)); *see also Ceja v. Stewart*, 97 F.3d 1246, 1252-52 (9th Cir. 1996). "[W]hen resolution of the state procedural law question depends upon a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law," and federal review is therefore not barred. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (direct review case). But if the application of a state procedural rule does not depend upon a federal constitutional ruling on the merits, the state rule is an independent state ground for purposes of the procedural bar doctrine. *Stewart v. Smith*, 536 U.S. 856, 860-61 (2002).

Application of the inadequate briefing bar does not rest primarily on federal law and it does not require the state court to determine if federal error has occurred. Rather, the court simply determines whether the petitioner has adequately briefed the claim. *See, e.g., In re Dyer*, 143 Wn.2d at 397; *In re Gronquist*, 138 Wn.2d at 396; *In re Lord*, 123 Wn.2d at 303; *In re Rice*, 118 Wn.2d at 886; *In re Reise*, 146 Wn. App. at 780. The state court does not consider the merits of the claim in deciding whether to apply the bar. Consequently, the state rule is based upon state law, and it is "independent."

REPORT AND RECOMMENDATION - 8

A state procedural bar is adequate to bar review of a federal claim if the state bar is clear, consistently applied, and well established. *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989); *Bennett v. Muller*, 332 F.3d 573, 583 (9th Cir. 2002). Even rules that have been selectively applied to bar the claims of certain litigants can serve as an adequate ground to bar federal habeas review. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009). A discretionary rule can be "firmly established" and "regularly followed" even if the appropriate exercise of discretion may permit a state court to consider a federal claim in some cases but not others. *Id*.

The rule requiring allegations to be based on more than speculation, conjecture, or inadmissible hearsay was announced, at the latest, in 1992, when the Washington Supreme Court issued the *In re Rice* opinion, which in turn, is based on the well-established rule of appellate procedure for personal restraint petitions. *See* RAP 16.7(a)(2)(i). Additionally, the inadequate briefing bar is consistently applied. "Consistent application" does not mean undeviating adherence to such a rule without exception. A procedural bar is adequate if it is applied by the state court in the vast majority of cases. *Dugger*, 489 U.S. at 410 n.6; *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996). The Washington courts have consistently applied the bar in numerous cases. *See, e.g., In re Dyer*, 143 Wn.2d at 397; *In re Gronquist*, 138 Wn.2d at 396; *In re Lord*, 123 Wn.2d at 303; *In re Reise*, 146 Wn. App. at 780.

The inadequate briefing bar is an adequate state law sufficient to bar federal habeas review of Claim 1 absent a showing of cause and prejudice or actual innocence. As discussed below, Mr. Draggoo has not shown cause and prejudice or actual innocence. Accordingly, the defaulted claim is not cognizable in federal court and should be dismissed.

//

REPORT AND RECOMMENDATION - 9

### 2. Part 1 of Claim 2

Respondent argues that Mr. Draggoo failed to properly exhaust Part 1of Claim 2 because he failed to invoke one complete round of the state's established appellate review process. ECF No. 10, p. 12.

To present a claim to a federal court for review in a habeas corpus petition, a petitioner must first have presented that claim to the state court. See 28 U.S.C. § 2254(b)(1). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). A petitioner must properly raise a habeas claim at every level of the state courts' review. *See Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d at 24. However, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (*citing Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Consequently, presentation of a federal claim for the first time to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351; *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004). *But see Ylst*, 501 U.S. at 801 ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available").

REPORT AND RECOMMENDATION - 10

"Fair presentation" requires that the prisoner alert the state courts to the fact that he is asserting claims under the United States Constitution. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The prisoner must specifically characterize his claims as federal claims, either by referencing specific constitutional provisions or by citing to relevant federal case law. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *opinion amended*, 247 F.3d 904 (9th Cir. 2001). The prisoner also "must describe in the state court proceedings both the operative facts and the federal legal theory on which his claim is based." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). General appeals to broad constitutional principles such as due process, equal protection, or the right to a fair trial are not sufficient, *Hiivala v. Wood*, 195 F. 3d 1098, 1106 (9th Cir. 1999), nor is it enough to raise a state claim that is analogous or similar to a federal claim. *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

State courts are not required to comb the record in order to discover the federal nature of the prisoner's claim; the federal claim must be contained within the four corners of the prisoner's state court brief or petition. *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004). Moreover, "[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

Mr. Draggoo raised Part 1 of Claim 2 on direct appeal in the Washington Court of Appeals. ECF No. 11, Exhibit 5, at ii. However, he did not file a petition for review and thus, failed to raise the issue in the Washington Supreme Court. In his personal restraint petition, Mr. Draggoo raised the claim in the context of state law only in both the Washington Court of Appeals and the Washington Supreme Court. *See* ECF No. 11, Exhibit 8, at 13-14; Exhibit 12, at 4. He failed to specifically characterize the claim as federal either (1) by referencing specific

REPORT AND RECOMMENDATION - 11

constitutional provisions or (2) by citing to relevant federal case law. *See Lyons v. Crawford,* 232 F. 3d at 670.

Accordingly, Mr. Draggoo failed to properly exhaust Part 1 of Claim 2. In addition, Mr. Draggoo's unexhausted claim is procedurally barred in state court by the statute of limitations and rule prohibiting successive petitions. Under Washington law, a defendant may not collaterally challenge a conviction more than one year after the conviction becomes final. RCW 10.73.090(1). Mr. Draggo's conviction became final for purposes of state law on July 2, 2010, the date that the Washington Court of Appeals issued its mandate. RCW 10.73.090(3); ECF No. 11, Exhibit 7. Because more than one year has passed since his conviction became final, the claim is now time-barred in state court.

Washington law also prohibits the filing of successive collateral challenges. RCW 10.73.140; RAP 16.4(d). Because he previously filed a personal restraint petition, Mr. Draggoo is barred from filing another collateral challenge absent a showing of good cause.

Thus, Claim 1 and Part 1 of Claim 2 are procedurally barred under Washington law and are not cognizable in a federal habeas corpus petition absent a showing of cause and prejudice or actual innocence.

**3.    Cause and Prejudice or Actual Innocence**

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. at 750.

For a petitioner to demonstrate cause for the default, the petitioner must show that some objective, external factor prevented his compliance with the state procedural rules. *Coleman*,

REPORT AND RECOMMENDATION - 12

501 U.S. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). "The fact that [a petitioner] did not present an available claim or that he chose to pursue other claims does not establish cause." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996). To show "prejudice," the petitioner "must shoulder the burden of showing, not merely that the errors at his trial caused a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U. S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

In the absence of cause and prejudice, the petitioner may obtain federal review of his defaulted claim if he can show a reasonable probability he is actually innocent of the crime of conviction. *Murray v. Carrier*, 477 U.S. at 496. To be credible, the petitioner's claim of actual innocence must be supported by reliable new evidence that was not presented at trial, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also House v. Bell*, 547 U.S. 518, 540-53 (2006). The petitioner must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (*quoting Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. "'[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Mr. Draggoo has shown no cause and prejudice or that an extraneous circumstance prevented him from raising either Claim 1 or Part 1 of Claim 2 properly on direct appeal or in a personal restraint petition. Although he raised his other ineffective assistance of counsel claim properly in state court, he failed to do the same with Part 1 of claim 2. Mr. Draggoo also cannot

REPORT AND RECOMMENDATION - 13

show actual innocence as he has failed to present any new evidence demonstrating that it is more likely than not that no reasonable juror would have convicted him in the light of new evidence.

Draggoo's claims are procedurally barred under independent and adequate state laws. Because Draggoo cannot show cause and prejudice or actual innocence to excuse his procedural defaults, the defaulted claims are not cognizable in federal court.

**B.      Part 2 of Claim 2 – Insufficiency of Counsel**

In Part 2 of Claim 2, Mr. Draggoo alleges that his trial counsel rendered ineffective assistance because he failed to object to the jury instruction for the special verdict that supported the exceptional sentence. Mr. Draggoo also alleges appellate counsel was ineffective in failing to challenge the jury instructions on appeal. The claim is based on Mr. Draggoo's underlying contention that the jury should have been instructed that although it had to be unanimous if it answered "yes" to the special verdict (meaning the aggravating factor existed), it did not have to be unanimous to answer "no." As Mr. Draggoo argued in his state court briefing: "[I]f the jury were deadlocked, instead of answering no [to the special verdict] it would feel compelled by the instructions to continue deliberations to reach unanimity." ECF No. 11, Exhibit 8, at 14.7.

To show ineffective assistance of counsel, a petitioner must satisfy a two-part standard. First, the petitioner must show counsel's performance was so deficient that it "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689; *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir.) (en banc), *cert. denied*, 511 U.S. 1119 (1994). "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. Every effort should be made to "eliminate the distorting effects of

REPORT AND RECOMMENDATION - 14

hindsight," and to judge counsel's performance from counsel's perspective at the time. *Id.* A federal court "must indulge a presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* The Court must presume counsel's actions were the result of reasonable strategy. *Id.* at 689-90.

Second, the petitioner must show the deficient performance prejudiced the defense so "as to deprive the defendant of a fair trial, a trial whose result is unreasonable." *Id*. Under the second prong, the petitioner must prove prejudice from counsel's representation. *Pinholster*, 131 S. Ct. at 1403. It is not enough that counsel's errors had "some conceivable effect on the outcome." Rather, the petitioner must show "that, but for counsel's unprofessional errors, the result would have been different." *Strickland*, 466 U.S. at 693-94. "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, 131 S. Ct. at 1403 (*quoting Richter*, 131 S. Ct. at 791).

The petitioner must satisfy both prongs to prove his claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 697. The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component. *Id.*

During Mr. Draggoo's trial, the jury received Instruction 15, which explained a special verdict that would support an aggravating factor for an exceptional sentence. Instruction 15 stated that the jury was required to answer "yes" unanimously in order to find that the aggravating factor existed. But Instruction 15 allowed non-unanimity for an answer of "no," meaning that if even only one juror found no aggravating factor existed to support an exceptional sentence, the entire jury had to return the special verdict with an answer of "no." Instruction 15 read as follows:

REPORT AND RECOMMENDATION - 15

> You will also be given a special verdict form for each crime charged. If you find the defendant not guilty do not use the special verdict form. If you find the defendant guilty of a crime, you will then use the special verdict form and fill in the blank with the answer "yes" or "no" according to the decision you reach. In order to answer the special verdict form "yes", you must unanimously be satisfied beyond a reasonable doubt that "yes" is the correct answer. *If any one of you has a reasonable doubt as to the question, you must answer "no"*.

ECF No. 11, Exhibit 9, Appendix F, Instruction 15 (emphasis added). The jury also received Instruction 14, which was a general verdict form. It stated in part:

> You must fill in the blank provided in each verdict form the words "not guilty" or the word "guilty", according to the decision you reach.
>
> Because this is a criminal cause, each of you must agree for you to return a verdict. When all of you have agreed, fill in the verdict forms to express your decision. . . .

ECF No. 11, Exhibit 9, at Appendix F, Instruction 14.

Underlying Mr. Draggoo's ineffective assistance of counsel claims is the contention that Instruction 14, when read in combination with Instruction 15, incorrectly instructed the jury that they had to be unanimous to answer "no" to the special verdict form. The Washington Court of Appeals rejected this argument:

> … Here, there is no possibility that the jury could properly apply instruction 14 to instruction 15 – the former instruction deals with general verdicts and the latter instruction deals with special interrogatories. Only by ignoring instruction 15's command could the jury misapply instruction 14 to the special interrogatory form. This court must presume the jury followed the court's instructions. *State v. Grisby,* 97 Wn.2d 493, 509, 647 P.2d 6 (1982).

ECF No. 11, Exhibit 11, p. 3.

Mr. Draggoo also argues that the Sixth Amendment forbids a court to require that a jury unanimously find beyond a reasonable doubt that there are no aggravating circumstances that would increase a defendant's sentence.

REPORT AND RECOMMENDATION - 16

The Sixth Amendment does require that a jury must unanimously find beyond a reasonable doubt any aggravating circumstances that increase a defendant's sentence. *Blakely v. Washington*, 542 U.S. 296, 313-14 (2004) (citation omitted). That is exactly what the instructions in this case required. As noted by the Washington Supreme Court, we must presume the jury followed the instructions, which required a "no" answer on the Special Verdict if any juror had a reasonable doubt. There was no unanimity requirement.

Because Mr. Draggoo cannot show that his underlying jury instruction error has merit, his ineffective assistance of counsel claims necessarily fail. Counsel's failure to raise a meritless legal argument does not constitute ineffective assistance. *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989). Ineffectiveness based upon a failure to object must show that the objection would probably have produced a different result in the trial. *Landry v. Lynaugh*, 844 F.2d 1117, 1120 (5th Cir. 1988). Failure to object is not ineffectiveness where an objection would have lacked merit. *U.S. v. Aguon*, 851 F.2d 1158, 1172 (9th Cir. 1988) (en banc), *overruled on other grounds, Evans v. U.S.*, 504 U.S. 255 (1992). The objection suggested by Mr. Draggoo clearly lacked merit.

It is noted that at the time of Mr. Draggoo's trial and direct appeal, state law prohibited a unanimity requirement for the jury to find that no aggravating factor exists, but the rule was subsequently overturned in *State v. Guzman Nuliez*, 174 Wn.2d 707, 285 P.3d 21 (2012). The Washington Supreme Court provided the following explanation in rejecting Mr. Draggoos' claim that the trial court erred in its jury instructions:

> Mr. Draggoo contends that the trial court gave an instruction on the aggravating factor special verdict that was contrary to *State v. Bashaw*, 169 Wn.2d 133, 234 P.3d 195 (2010), *overruled in part by Guzman Nuilez*, 174 Wn.2d 707 (2012). But as the citation indicates, *Guzman Nunez* overruled *Bashaw* on this issue, holding that a jury must be unanimous in its special verdict,

REPORT AND RECOMMENDATION - 17

whether positive or negative.  *See Guzman Nuhez*, 174 Wn.2d at 712-19.  The special verdict instruction given in this case is consistent with *Guzman Nufiez*.

Mr. Draggoo's claim that trial and appellate counsel were ineffective in relation to the challenged instruction necessarily fails.

ECF No. 11, Exhibit 4, at 1-2.

Because Mr. Draggoo fails to show that the state court adjudication of Part 2 of Claim 2 was an unreasonable application of clearly established federal law, he is not entitled to federal habeas relief and this claim should be denied.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, this Court concludes that Mr. Draggoo is not entitled to a certificate of appealability as he has not shown that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

## CONCLUSION

Based on the foregoing, the Court recommends that Mr. Draggoo' habeas petition (ECF No. 1) be **denied and his claims dismissed with prejudice.**

REPORT AND RECOMMENDATION - 18

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 2, 2013**, as noted in the caption.

**DATED** this   15th   day of July, 2013.

                        Karen L. Strombom
                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 19